**ROY A. SCHEPERLE CONSTRUCTION CO., A Missouri Corporation, Plaintiff-Appellant,**

v.

**SEIFERTS, INC., an Iowa Corporation, and Fashion-Par, Inc., An Iowa Corporation, Defendants-Respondents.**

No. WD 35718.

Missouri Court of Appeals, Western District.

Dec. 26, 1984.

Motion for Rehearing and/or Transfer to Supreme Court Overruled and Denied March 5, 1985.

Robert L. Hyder, Hyder & Prenger, P.C., Jefferson City, for plaintiff-appellant.

Duane E. Schreimann, Hendren & Andrae, Jefferson City, for defendants-respondents.

Before TURNAGE, C.J., MANFORD, J., and MESSINA, Special Judge.

TURNAGE, Chief Judge.

Scheperle Construction Company sought recovery in quantum meruit for construction work. Scheperle was a subcontractor under Fashion-Par for construction work performed for Seiferts. The court entered judgment in favor of Seiferts on Scheperle's claim. Because Fashion-Par defaulted, the court entered judgment against it in favor of Scheperle.

On this appeal, Scheperle contends that it was entitled to recover on its quantum meruit theory; that the court erred in taxing all costs against it; and that it was entitled to recover as a third party beneficiary. Affirmed.

Seiferts contracted with Fashion-Par for construction work on a store in a shopping center. Fashion-Par contracted with Scheperle for the performance of part of the work. Because Fashion-Par became insolvent, it never paid Scheperle $21,000 still due on its portion of the work. Scheperle filed suit against Seiferts and Fashion-Par to foreclose its mechanic's lien, or in the alternative, to recover on a quantum meruit theory. Prior to trial, Scheperle dismissed its mechanic's lien claim and proceeded to trial only on the quantum meruit theory. The parties do not dispute that Seiferts paid Fashion-Par the full amount

of the contract price for all of the work performed under Fashion-Par's contract.

The court found in favor of Seiferts on Scheperle's claim but awarded Scheperle a default judgment against Fashion-Par for the $21,000 claimed. The court assessed all costs against Scheperle.

■ Scheperle first contends that the evidence showed that Seiferts was unjustly enriched by Scheperle's work in the amount of $21,000, and that Seiferts' payment to Fashion-Par was not a defense to Scheperle's quantum meruit claim. That contention has recently been squarely answered in *Green Quarries, Inc. v. Raasch*, 676 S.W.2d 261, 266–67[15, 16] (Mo.App.1984), where this court stated:

> We agree with those courts that have held that quasi-contractual recovery should not be available where the homeowner has already paid the general contractor. In such a case, no basis appears for a quasi-contractual recovery because the owner has not been unjustly enriched.

In this case, Seiferts paid Fashion-Par, so Seiferts was not unjustly enriched. Under *Green Quarries*, Scheperle was not entitled to recover against Seiferts on a quantum meruit theory.

■ Scheperle next contends the court should not have assessed all costs against it because the court did award Scheperle judgment against Fashion-Par. Under § 514.060, RSMo 1978, the party prevailing shall recover costs. Here, Scheperle prevailed against Fashion-Par by default, but lost on its claim against Seiferts. The court should apportion the costs between Scheperle and Fashion-Par.

■ Scheperle finally contends that it was entitled to judgment against Seiferts under the theory that it was a third party beneficiary of a lease provision between Seiferts and the owner of the shopping center where the Seiferts' store was located. The lease required Seiferts to furnish lien waivers to the landlord from all subcontractors. Scheperle contends that Seiferts failed to supply the owner with a lien waiver, and that because it is a third party beneficiary of such a provision, it is entitled to recover against Seiferts on that theory. Scheperle raised this contention for the first time on appeal. Scheperle neither pleaded nor proved that theory and so must be held to the theory adopted and tried in the trial court. *Byrd v. Brown*, 641 S.W.2d 163, 173[8, 9] (Mo.App.1982). For that reason, a possible recovery on that theory cannot be considered.

The judgment is affirmed, except that the court shall apportion the costs between Scheperle and Fashion-Par. Costs on this appeal are assessed against Scheperle.

All concur.